**Demak Walderman RUMAPEA, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

No. 07–74596.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 16, 2010.*

Filed Feb. 25, 2010.

Houman Varzandeh, VHF Law Group, LLP, Los Angeles, CA, for Petitioner.

Terri Jane Scadron, Assistant Director, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, CAC–District Counsel, Esquire, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: FERNANDEZ, GOULD, and M. SMITH, Circuit Judges.

MEMORANDUM **

Demak Walderman Rumapea, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' ("BIA") order affirming an immigration judge's decision denying his application for withholding of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. Reviewing for substantial evidence, *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir.2009), we dismiss in part and deny in part the petition for review.

We lack jurisdiction to review Rumapea's past persecution claim because it was not exhausted before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677–78 (9th Cir.2004).

Even if the disfavored group analysis set forth in *Sael v. Ashcroft*, 386 F.3d 922, 927–29 (9th Cir.2004) applied to Batak Christian Indonesians, Rumapea failed to establish a clear probability of persecution because he did not demonstrate an individualized risk of persecution. *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1184–85 (9th Cir. 2003); *Lolong v. Gonzales*, 484 F.3d 1173, 1179–80 (9th Cir.2007) (objective well-founded fear not established because applicant made a general, undifferentiated claim). Finally, the record does not compel the conclusion that Rumapea established a pattern or practice of persecution of Batak Christians in Indonesia. *See Wakkary*, 558 F.3d at 1061. Accordingly, substantial evidence supports the BIA's

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

finding that Rumapea failed to establish it is more likely than not that he will suffer persecution in Indonesia. *See Hoxha,* 319 F.3d at 1185.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.